CHALMERS v. GLENN.

1. A cause of action exists when the legal rights of one party have been invaded by another, and unless facts to show the existence and the invasion of such rights are stated in the complaint, it will be held bad on demurrer.
2. A complaint which stated that money belonging to an estate had by order of court been lent to defendant under his bond to account "upon a final settlement of the estate" for the sum received, but which did not allege that any settlement had yet been had or attempted, or that defendant had failed to account, does not state facts sufficient to constitute a cause of action.
3. A clerk of court in accordance with the terms of an order of court, lent money in his hands to A. upon A.'s bond to account for it upon final settlement of the estate. *Held,* that a complaint against A. by a succeeding clerk stating these facts and asking to have the bond reformed so as to provide for the payment of interest, did not show any cause of action in the plaintiff.

---

Before PRESSLEY, J., Newberry, February, 1882.

The opinion states the case.

*Mr. W. H. Lyles,* for appellant.

*Messrs. Jones & Jones, George S. Mower,* contra.

February 15th, 1883. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. In 1866 a bill was filed in the Court of Equity for the partition of the real estate of G. W. Glenn, late of Newberry county, to which his heirs-at-law were parties, plaintiffs and defendants. A decree was made therein, directing a sale of certain portions of said real estate

partly for cash and partly on a credit, and the proceeds ordered to be distributed according to the rights of the parties. In pursuance of this decree, Silas Johnstone, Esq., the then commissioner in equity for said county, sold the lands embraced in the order, and distributed the cash proceeds. The Court of Equity having been abolished, the case was transferred to the Court of Common Pleas under the act for that purpose, and Jesse C. Smith the clerk of the Court of Common Pleas, from time to time collected a part of the credit portion of the sales.

Afterwards to wit: in January, 1875, an order was made in the cause in the Court of Common Pleas to " loan" out to Dr. George W. Glenn, a son of the deceased and one of his heirs-at-law, such portion of the credit sales as Smith had collected, or that might be paid to him upon Glenn securing the payment either by personal security, or collaterals, or both, upon final settlement of the estate of the deceased. Pursuant to this order Smith, the clerk, loaned to George W. Glenn the funds in his hands amounting to $1,088.31, securing the same by the bond of Glenn, with Mattie S. Glenn and Thomas W. Weir as his sureties, the condition of the bond being " that Glenn should well and truly account for the sum of one thousand and eighty-eighty dollars and thirty one cents, upon a final settlement of the estate of George W. Glenn deceased."

The bond was joint and several and made payable to Jesse C. Smith, clerk of said court, his successors in office and assigns in the penal sum of $2,200. The term of office of Smith expired, and E. P. Chalmers, the plaintiff, is the present clerk, or was when this action began. The prayer of the complaint is, first, to have the bond reformed so as to provide for the payment of interest to be paid annually on the amount lent to Glenn, alleging that this stipulation was left out by mistake in drawing the bond; second, for judgment for said sum of $1,088.31 with interest thereon, computed with annual rests, and, third, for such other and further relief as to the court may seem just, with costs.

The defendants demurred to the complaint (which stated only the above facts), upon the ground that it did not state facts sufficient to constitute a cause of action. Upon the hearing Judge Pressley sustained the demurrer, with leave to the plaintiff to

amend his complaint by adding thereto such allegations as he might be advised, on payment of costs of the demurrer. From this order the plaintiff has appealed, alleging error in that the judge sustained the demurrer.

The question for us to consider is, does the complaint allege a cause of action? This involves the preliminary questions, what is a cause of action? and, to what extent shall it appear in the ·complaint so as to be sufficiently stated? There is but one form of action under the code, and at law, this action must be for one of three purposes, to wit: the recovery of money, the recovery of real estate, or the recovery of personal property. The cause of action must be that which gives the plaintiff the right as against the defendant to institute the action for the recovery which he seeks, and it depends upon the nature of that recovery. If he seeks money from the defendant, it must be on account of the fact that defendant is under legal obligation to pay him money, and has neglected or refused to do so, his cause of action in such case would be his right to the money and the neglect or refusal of the defendant to pay it. So, if he seeks the recovery of real or personal property, his cause of action would consist of his right to it and the withholding it by defendant. Thus, generally, it may be said that a cause of action exists where the legal rights of one party have been invaded by another.

Now as to the statement in the complaint. It is a general rule, in fact, invariable, that to entitle a plaintiff to recover, he must prove all the facts constituting his case or cause of action; he must prove the facts constituting his right, and its invasion by the defendant. It is another general rule, that the plaintiff can offer no testimony except to such facts as he has alleged in his complaint. It follows, therefore, that he must allege in his complaint all the facts showing his right, and also those showing its invasion by the defendant, and the facts thus alleged must in law upon their face, on the one side entitle him to the right which he claims, and on the other amount to an invasion by the defendant. If his complaint is defective in either of these particulars, he will not only be denied the privilege of supplementing the facts by testimony, but his complaint will fail on

demurrer, for the want of stating facts sufficient to constitute a cause of action.

In this action the plaintiff seeks to recover money, and he founds his right thereto upon the bond already mentioned. Has he stated facts showing his right to the bond, that the defendants are under obligation to pay him money on account of it, and that they neglect and refuse to do so? Waiving the question as to his right to the bond, does the statement of facts show the two latter requirements? The condition of the bond is that George W. Glenn shall account on final settlement of the estate of George W. Glenn, deceased, for the sum of $1,088.36. No rights accrue to the plaintiff under the bond, therefore until there is failure on the part of Glenn thus to account on the final settlement mentioned, and no obligation or liability rests upon the defendants until said failure, and there can be no invasion of the right of the plaintiff by the defendants until that right accrues, and then the obligation attaches. All these are suspended until, and depend upon, the failure of Glenn to account according to the terms of the bond.

The failure to account, then, is not only a necessary fact in the plaintiff's cause of action, but a most essential one. It is the central fact in the case, and without which the plaintiff's cause of action vanishes, whatever else may be found in the complaint. Upon an examination of the complaint, it will be found that this essential fact is not stated. There is no allegation that the estate of George W. Glenn has been settled or attempted to be settled. There is no allegation that this has resulted from the acts of Glenn, the borrower, or his sureties.* The matters in the estate, so far as appear in the brief, stand precisely as they stood when the bond was given. At that time a subsequent settlement was thought necessary, and contemplated, as appears in the order of the court authorizing the clerk to lend the money in his hands to Dr. Glenn. This order directed that it should

---

* The only allegation in the complaint upon the subject is contained in the ninth paragraph, and is as follows: "That the persons entitled to the distribution of said fund as ascertained by the decree and orders of said Court of Equity hereinbefore alleged are now demanding the same of this plaintiff, and it is necessary to collect said fund in order that it may be distributed."—REPORTER.

be accounted for on final settlement. It was borrowed on those terms, and cannot be demanded sooner.

It is not for this court to speculate as to the reasons which influenced the Court of Common Pleas to grant the order to lend the money. It may have been because the estate was not ready for a settlement, and it was thought best that one of the parties in interest should have the use of it, rather than it should lie idle in the clerk's office; or it may have been that it was known or supposed that Dr. Glenn, as an heir, would ultimately be entitled to it, or the most of it, and it was better that he should have it at once, to be accounted for on final settlement. But this makes no difference. He obtained it under an order of the court, and he can only be made answerable upon the terms by which he obtained it, and which appear in his bond. The failure of the plaintiff to allege this material fact upon which his right, as well as the obligation of the defendants depended, is fatal.

As to the prayer to have the bond reformed. The bond seems to have been given in accordance with the terms of the order of the court, authorizing Glenn to get the money. The clerk would have had no right to impose other terms than those imposed by the court. These facts appear in the complaint, and are sufficient to show that the plaintiff has no cause of action on that ground.

It is the judgment of this court that the order of the Circuit Court be affirmed, with the right to the defendants to answer should the plaintiff avail himself of the privilege to amend, which Judge Pressley's order, sustaining the demurrer, allowed him.